E. C. CURD *v.* COMMONWEALTH MUTUAL LIFE INS. CO.

**Insurance Policy—Time of Payment of Premium—Construction.**
  The terms of a contract of insurance are to be determined by an examination of the application and the policy and the receipt delivered by the company to the assured.

**Waiver by Company.**
  The insurance company may waive the payment of a premium when due or it may insist that the contract of insurance had terminated by the failure to pay premium when due. The company could not compel the insured to keep the policy alive by the payment of the premium and the insured could not compel the company to accept payments after the time it became due.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

December 2, 1876.

OPINION BY JUDGE LINDSAY:

In order to ascertain the exact terms of the contract of insurance, the application signed by the insured, the policy, and the receipt delivered by the company to him, must all be considered together. It is clearly and conclusively proved that a receipt for this first annual premium, was delivered to the insured at the same time with the policy. Appellee was not precluded from proving that both the receipt and policy were delivered on a day different from that averred in the petition. The averment of the particular day of the delivery was immaterial as to the substantial issues of the case, and the appellee was not bound to deny it. When these three papers are considered together, it is clear that the annual premium of $172.50 was to be paid in two semi-annual installments and that the increase of the premium for the beginning of the year was intended to compensate the company for allowing the insured six months time within which to pay the second semi-annual installment.

It was expressly agreed in the face of the policy that if any premium or installment of premium should not be paid when due, then the policy should cease and determine. The stipulation with regard to the payment of premiums during the lifetime of the insured applied only to the first premium, if to be paid in full, or to the first installment thereof, if to be paid in installments.

It is not pretended that the second installment of the first yearly premium was paid or tendered until long after it was due. The fact that the general agent of the company was willing to receive payment and insisted upon the insured paying said installment after it was part due, did not make it obligatory upon the insurance company to waive its right to insist that the contract had ceased and determined after the insured become fatally sick.

The company could not compel the appellant or her agent to keep the policy alive by the payment of the installment in question, and neither could they compel it to accept payments after the time at which it fell due. From that time forward it was a matter of election with the insurer, as well as with the insured. The instruction of the court below accords with this view of the law of the case, and those asked by appellant conflict with it.

The judgment appealed from is *affirmed*.

*W. R. Abbott, for appellant. Bullock & Anderson, for appellee.*